**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONI CLARK,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, UNITED STATES OF AMERICA, & THE COMPTROLLER OF CURRENCY,<br><br>　　　　　　　　Defendants. | Civil Action No. 13-1293 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants United States of America and the Office of the Comptroller of Currency (collectively the "Federal Defendants")'s unopposed motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Court has considered Defendant's unopposed motion and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion is **granted**, and Plaintiff's complaint is dismissed with prejudice as to the Federal Defendants.

**I.　　BACKGROUND**

On or about November 17, 2012, *pro se* Plaintiff Toni Clark ("Plaintiff") filed a complaint in New Jersey Superior Court, Essex County, asserting various claims sounding in tort. Plaintiff seeks $90 million in compensation for "extreme suffering and pain," "mental anguish," and a "sense of fear and feeling of distrust," caused by the conduct of the Federal

1

Defendants, among other defendants. (*See* CM/ECF No. 1 at 9.) Specifically, Plaintiff claims that the Office of the Comptroller of Currency was "reckless" because it failed to "examine Wells Fargo Bank to ensure a safe and sound financial condition and to ensure compliance with applicable bank laws, rules, fraud and abuse." (*Id.* at 8.) Plaintiff also alleges that the United States of America was negligent because Attorney General Eric Holder and U.S. Attorney Paul Fishman engaged in "political corruption" and "obstruction of justice" by not investigating Plaintiff's complaints. (*Id.* at 8.) Plaintiff never filed an administrative tort claim with either the Comptroller of Currency or the Department of Justice. (*See generally* Cole Decl.; Pisarick Decl.)

The Federal Defendants removed this action to this Court on March 4, 2013. The instant motion followed on March 13, 2013.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and thus may adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2; *see also Philadelphia Federation of Teachers v. Ridge*, 150 F.3d 319, 322-23 (3d Cir. 1998). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). By contrast, on a factual attack to federal subject matter jurisdiction, courts may consider evidence outside the pleadings. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Additonally, "no presumptive truthfulness attaches to plaintiff's allegations, and the

2

existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Federal courts must dismiss a complaint if a plaintiff cannot establish the existence of subject matter jurisdiction. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In determining whether a *pro se* complaint asserts a valid basis for subject matter jurisdiction, the Court must be mindful to construe the complaint liberally in favor of Plaintiff. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

The Federal Defendants argue that this Court lacks subject matter jurisdiction because (1) Plaintiff failed to file an administrative claim as required under the Federal Tort Claims Act ("FTCA"), and (2) Plaintiff's claims are barred by the discretionary function exception to the FTCA. The Court will address each of these arguments in turn.

### A.   Plaintiff's Failure to File an Administrative Claim

It is well settled that "[w]ithout a waiver of sovereign immunity, a court is without jurisdiction over claims against federal agencies or officials in their official capacities." *See, e.g., Treasurer of N.J. v. United States Dep't of the Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012). Such a waiver "must be express and unambiguous to confer subject matter jurisdiction on a court." *Id.* at 396. It "must [also] be strictly construed in favor of the sovereign and the terms of the waiver define the extent of the court's jurisdiction." *Id.* (internal citations and quotation marks omitted).

The Federal Tort Claims Act ("FTCA") "operates as a limited waiver of the United States' sovereign immunity." *White-Squire v. United States Postal Serv.*, 592 F.3d 453, 456 (3d

Cir. 2010). The FTCA "allows plaintiffs to bring claims based on the action of Government employees when private persons engaging in analogous behavior would be liable under state law."[1] *CNA v. United States*, 535 F.3d 132, 138 (3d Cir. 2008). "Although the purpose of the Federal Tort Claims Act is essentially remedial, the procedures established pursuant to the Act nonetheless have been strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity." *See, e.g., Pennsylvania by Sheppard v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 19-20 (3d Cir. 1975).

"The FTCA has mandatory administrative claim procedures with which a plaintiff must comply prior to filing suit; if they are not followed, sovereign immunity is not waived, and the court lacks subject matter jurisdiction over plaintiff's claim." *See, e.g., Jean-Baptiste v. Lespinasse*, No. 07-6169, 2008 U.S. Dist. LEXIS 30124, at *7 (D.N.J. Apr. 10, 2008) (citing 28 U.S.C. §§ 2401(b), 2675(a)).

In 28 U.S.C. § 2401(b), Congress specifically provided that

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

---

[1] Although the FTCA allows for suits against the United States for damages resulting from the negligent or wrongful acts of federal employees acting within the scope of their employment, federal employees enjoy absolute immunity from suit arising from the commission of such acts. *See Schrob v. Catterson*, 967 F.2d 929, 934 (3d Cir. 1992) (observing that the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. §§ 28 U.S.C. 1346(b), 2671-80, makes federal employees absolutely immune for tortious acts or omissions performed within the scope of employment). Accordingly, when a federal employee is sued for acts or omissions within the scope of employment, the United States is substituted as a defendant in place of the federal employees. *See* 28 U.S.C. § 2679(d)(2). Because Plaintiff initially named U.S. Attorney General Eric Holder and U.S. Attorney Paul Fishman as defendants, the United States has been substituted as a defendant in their place.

In enacting 28 U.S.C. § 2675(a), Congress reiterated the requirement that a waiver of sovereign immunity under the FTCA is conditioned upon a plaintiff's submission of an administrative claim to the federal agency in question. That statutory provision states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . .

28 U.S.C. § 2675(a).

"[T]he requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). Here, Plaintiff failed to submit any administrative claim prior to bringing suit, as required under the FTCA. (*See* Pisarick Decl. ¶¶ 2-3; Cole Decl. ¶¶ 2-3.) Consequently, this Court lacks jurisdiction over her claims and they must be dismissed.

B.  Plaintiff's Claims are Barred by the FTCA's Discretionary Function Exception

The discretionary function exception to the FTCA, codified at 28 U.S.C. § 2680(a), provides an exception from liability for:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

"[T]he purpose of the [discretionary function] exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *See United States v. Gaubert*, 499 U.S. 315, 323

5

(1991) (internal citations and quotation marks omitted). In determining whether the discretionary function exception applies, "a court must [first] identify the conduct at issue." *S.R.P. v. United States*, 676 F.3d 329, 332 (3d Cir. 2012). Courts "must then follow a two-step inquiry to determine whether the discretionary function exception immunizes the government from a suit arising out of such conduct." *Id.* at 333. "First, a court must determine whether the act giving rise to the alleged injury and thus the suit involve[d] an element of judgment or choice." *Id.* (internal quotation marks and citations omitted). If a specific course of action is prescribed by statute, regulation or policy, "the exception does not apply because 'the employee has no rightful option but to adhere to the directive.'" *Id.* (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). If a specific course of action is not prescribed, courts must proceed to the second step, which requires determining "whether the challenged action or inaction is of the kind that the discretionary function exception was designed to shield." *Id.* (citations and quotation marks omitted).

In this case, Plaintiff claims that the Federal Defendants were "reckless" and "negligen[t]" in investigating alleged wrongdoing on the part of Wells Fargo Bank. (*See* CM/ECF No. 1 at 8.) The Third Circuit has consistently held that investigatory activities are protected by the discretionary function exception to the FTCA. *See Pooler v. United States*, 787 F.2d 868, 871-72 (3d Cir. 1986) (claims based on law enforcement and investigatory activities are covered by the discretionary function exception to the FTCA); *Bernitsky v. United States*, 620 F.2d 948, 955 (3d Cir. 1980) ("Decision making as to investigation and enforcement . . . are discretionary judgments"); *see also Woods v. United States*, No. 07-593, 2007 U.S. Dist. LEXIS 80931, at *10 (D.N.J. Oct. 31, 2007) ("How a government agent should conduct an investigation is the paradigm decision that is protected by the discretionary function exception.").

Accordingly, this Court holds that the Federal Defendants' acts and omissions upon which Plaintiff's complaint is premised fall within the discretionary function exception to the FTCA. It is, therefore, apparent to the Court that granting Plaintiff leave to amend would be futile, as this Court lacks jurisdiction to entertain Plaintiff's tortious claims against the Federal Defendants.

For these reasons,

**IT IS** on this /5 day of April, 2013

**ORDERED** that the Federal Defendants' motion to dismiss (CM/ECF No. 2) is granted; and it is further

**ORDERED** that Plaintiff's complaint is dismissed with prejudice as to the Federal Defendants.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Jose L. Linares
　　　　　　　　　　　　　　　　　　　　　　　　Jose L. Linares
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge